**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JEROME E. LEWIS,**

        **Plaintiff,**

     **v.**                           **CASE NO. 10-3024-SAC**

**RON McDERMED,**
**et al.,**

        **Defendants.**

## O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). Mr. Lewis names as defendants a "former Corrections Officer" who was an employee of the Kansas Department of Corrections and the HCF, and the Secretary of Corrections Roger Werholtz. As the factual background for his complaint, Mr. Lewis alleges that on February 25, 2008, defendant McDermed "maliciously sprayed" pepper spray "in a pair of undergarments intended for the plaintiff."[1] He further alleges that defendant McDermed was charged in state court with the crime of mistreatment of a confined person as a result of this incident, entered a guilty plea, and was terminated from his KDOC employment as a result. Plaintiff asserts that defendant McDermed violated his Eighth Amendment right to remain free of cruel and unusual punishment. He seeks money damages, or in the alternative, (1) removal of his "gang point", (2) placement in a prison of his choice, and (3) a KDOC job providing minimum wage in private industry.

---

[1] Plaintiff alleges he was provided medical treatment for the effects of the pepper spray.

**PARTIAL FILING FEE REQUIRED**

Plaintiff has filed an Application to Proceed Without Prepayment of Fees (Doc. 2) and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit during the applicable time period has been $30.15, and the average monthly balance has been $ 11.39. The court therefore assesses an initial partial filing fee of $ 6.00, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Lewis is a prisoner, the court is required by

statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

The complaint utterly fails to allege a claim against defendant Werholtz. The act described as the basis for this complaint is not alleged to have been committed by this defendant. A supervisor's liability may not be predicated solely upon a theory of respondeat superior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Gagan v. Norton, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), cert. denied, 513 U.S. 1183 (1995). Instead, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). To be held liable under § 1983, a supervisor must have personally participated or acquiesced in the complained-of constitutional deprivation. Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988). No act whatsoever by defendant Werholtz is

described.  It follows that this action is subject to being dismissed as against defendant Werholtz.

Plaintiff will be given time to show cause why this action should not be dismissed as against defendant Werholtz and proceed only against defendant McDermed.  If he fails to show such cause within the time allotted, this action may be dismissed as against defendant Werholtz.

Finally, the court notes that there is no authority for this court to order the removal of a gang point from plaintiff's record, his placement at the prison of his choice, or that he be assigned to certain prison employment based upon the facts alleged in the complaint.  Accordingly, all claims for relief other than money damages are dismissed from this case.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to submit to the court an initial partial filing fee of $ 6.00.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same twenty (20) day period, plaintiff must show cause why this action should not be dismissed as against defendant Werholtz for failure to allege facts showing personal participation.

**IT IS FURTHER ORDERED** that plaintiff's claims for removal of a gang point, placement at the prison of his choice, and assignment to certain prison employment are denied.

**IT IS SO ORDERED.**

Dated this 24th day of February, 2010, at Topeka, Kansas.

4

s/Sam A. Crow
U. S. Senior District Judge